UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILSON MATHIEU,

                            Plaintiff,

                vs.                                  **COMPLAINT**

THE CITY OF NEW YORK,
POLICE OFFICER CORY GREEN, SHIELD #1392,
POLICE OFFICER BRIAN BENVENUTO, SHIELD # 23866
SGT. JOHN BECERRA, SHIELD # 4741; JOHN/JANE DOES;
in their individual and official
capacities as New York City Police Officers,

                                                            **JURY TRIAL**
                                                            **DEMANDED**

                         Defendants
------------------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth Amendment and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, on the streets of Manhattan, was deprived of his constitutional rights when the individual defendants assaulted and battered plaintiff causing injury, verbally abused plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

**VENUE**

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

**PARTIES**

5. The plaintiff, Wilson Mathieu, is and was at all relevant times a resident of the City of New York, State of New York. Mr. Mathieu is a citizen of the United States.

6. Defendant City of New York ("the City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

7. At all times relevant hereto, defendant Cory Green, shield number 1392, was a police officer of the NYPD, assigned to the 6th Precinct, acting in the capacity of agent, servant, and

employee of the City, and within the scope of his employment as such.

8. At all times relevant hereto, defendant Brian Benevenuto, shield number 23866, was a police officer of the NYPD, assigned to the 6th Precinct, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such.

9. At all times relevant hereto, defendant John Becerra, shield number 4741, was a police sergeant of the NYPD, assigned to the 6th Precinct, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such.

10. At all times relevant hereto, defendants NYPD Officers John/Jane Does, whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are being sued herein by the fictitious designation "John/Jane Doe," were at all times relevant herein officers, employees, and agents of NYPD. On February 3, 2018, they were assigned to precincts within the confines of New York County. Defendants John/Jane Does are being sued herein in their individual capacities.

11. At all times relevant hereto, Defendants Green, Benvenuto, Becerra, and John/Jane Does (collectively the "Officer Defendants") were acting under the color of state law.

## STATEMENT OF FACTS

12. On February 3, 2018, at approximately 10:00 p.m., plaintiff, Wilson Mathieu, left his apartment at 56 Morton Street in Manhattan to walk to the store. It was dark and rainy and he was hurrying.

13. As plaintiff crossed Morton Street, he heard some noise. He stopped and turned around, when he heard someone yelling "yo, yo, yo." A short, stocky, man, in plain clothes stood in

front of him. The two made eye contact.

14. Without further warning, the man fired a taser gun at plaintiff. The taser needles entered plaintiff's arm. He staggered, but remained standing.

15. As he stood there in complete shock, several other men in plain clothes rushed plaintiff, picked him up off the ground and slammed him face-down onto the street. Plaintiff felt acute pain in his face.

16. One or more of the men knelt on top of him. As he was lying face down, something hit him in the back of the neck, further driving his face into the street.

17. At that point, plaintiff momentarily lost consciousness. He remembers being shackled and handcuffed, and roughly carried to a police car.

18. At no time during this attack did plaintiff fight back. He was too stunned to react, and once slammed to the ground was unable to resist.

19. Plaintiff next remembers that he was taken to the emergency room at Lenox Hill, Greenwich Village, hospital. He had been bleeding from his mouth and had a significant bump on his head and abrasions on his arms and legs.

20. At the hospital, he was administered a CT scan of his head.

21. Plaintiff was in pain, from his head, shoulders, arm and face.

22. While in the hospital room, a police officer remained in the room. At one point, a medical professional told plaintiff that she would pull the taser needles out of his arm and that it might be painful. Plaintiff urged her just to go on and do it.

23. When she left the room, the police officer in the room taunted plaintiff and then pushed him, causing plaintiff to fall off the bed. He was unable to brace himself because he was

4

handcuffed. When plaintiff stood back up, the officer backed off.

24. After the hospital, plaintiff was taken to the 6th Precinct, where he remained handcuffed to a bench. He was processed at the precinct.

25. After the precinct, plaintiff was taken to Central Booking. At Central Booking, he was evaluated by an officer, who instructed the arresting officers from the 6th precinct to take plaintiff back to the hospital.

26. He was instead taken back to the precinct. He remained at the precinct until the morning of February 4, 2018, once again handcuffed to a bench.

27. Eventually plaintiff was taken to court. To the best of his recollection, he was seen by a judge later in the day on February 4, 2018.

28. Plaintiff was charged by criminal complaint with obstructing governmental administration in violation of NY Penal Law (P.L.) § 195.05, resisting arrest in violation of P.L. § 205.30, menacing in the third degree in violation of P.L. § 120.15, and disorderly conduct in violation of P.L. § 240.20.

29. Plaintiff did not commit any of those crimes.

30. Plaintiff was arraigned and released on his own recognizance.

31. After being released, plaintiff realized that the veneer on his teeth was cracked. Plaintiff believes that his teeth cracked when he was slammed face-down onto the street.

32. Plaintiff consulted a dentist who informed him that dental surgery was required to repair the damage to his teeth. Plaintiff had approximately eleven appointments with dentists, and several teeth were replaced.

33. Following his release from court, plaintiff continued to suffer pain in his head,

shoulder, leg, and arms. Plaintiff has had lasting impairments caused by the injuries he suffered on February 3, 2018.

34. Following his arraignment on February 4, 2018, plaintiff appeared in New York Criminal Court approximately four times.

35. On October 17, 2018, all charges against plaintiff were dismissed.

36. The false imprisonment, false arrest, assault, battery, and malicious prosecution of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights/42 U.S.C. § 1983

37. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The use of excessive force by individual defendants in tasering plaintiff, throwing him face down onto the street, slamming the back of his neck and head, causing his face to be driven further into the street, was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution, and in violation of his civil rights protected by 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

39. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. The individual defendants, who were acting within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

41. Defendants intended to confine plaintiff, and in fact confined plaintiff, and plaintiff was conscious of the confinement.

42. Plaintiff did not consent to the confinement.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

43. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. The acts and conduct of the individual defendants constitute malicious prosecution under the Fourth Amendment to the United States Constitution. Defendants commenced and

continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding.

45. The proceeding terminated favorably to plaintiff.

## FOURTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

46. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

47. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individual defendants, who were unfit for the performance of their duties on February 3, 2018, at the aforementioned location.

48. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### Assault

49. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

50. The defendants, their agents, servants and employees, acting within the scope of their

employment, intentionally, willfully, and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threated such contact to the plaintiff, and that such acts caused apprehension of such contact and physical injury in the plaintiff.

51. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Battery

52. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully set forth at length herein.

53. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and offensive manner forcibly touched plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

54. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### False Arrest

55. The plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of New York. Defendants intended to confine plaintiff, and in fact confined plaintiff, and plaintiff was conscious of the confinement.

57. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims

## JURY DEMAND

58. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against the defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiff as a result of the events alleged herein.
2. Punitive damages against the individual defendants in an amount to be determined at trial.
3. Interest and costs.
4. Reasonable attorneys' fees pursuant to 42 U.S.C. §1988.
5. Such other and further relief as the Court shall deem just and proper.

DATED:        February 25, 2019
              New York, New York

                                        _____/s/_____
                                        FLORIAN MIEDEL, ESQ. (FM 5968)
                                        80 Broad Street
                                        Suite 1900
                                        New York, New York 10004
                                        (212) 616-3042
                                        fm@fmamlaw.com